IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10879
Conference Calendar
_____

LUTHER BIRL SNEED, JR.,

                                        Plaintiff-Appellant,

versus

NFN HULVEY, Captain; NFN DENTON,
Library Attendant; NFN TARRANT COUNTY OFFICIALS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-1076
- - - - - - - - - -
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Luther Birl Sneed, Jr., Texas prisoner # 699758, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal, following the dismissal of his complaint pursuant to 28 U.S.C. § 1915A(b)(1).  By moving for IFP status, Sneed is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sneed's brief does not provide any argument that the district court erred in dismissing his complaint under § 1915A(b)(1) on the ground that it was frivolous, malicious, or failed to state a claim.  He states only that he "was not allowed to confront the defendants" and that the case was being dismissed because he was indigent and a pauper.  Even a pro se appellant must brief an issue to preserve it for appellate review.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Accordingly, we uphold the district court's order certifying that the appeal was not taken in good faith.  Sneed's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Sneed's motions for excusable neglect and to remove sanctions are inapplicable to this appeal.  We have reviewed the record, and it confirms that the district court did not impose sanctions in the instant case.  These motions are DENIED.

The district court's dismissal of Sneed's § 1983 action under § 1915A(b)(1) counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a "strike" for purposes of § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Sneed is warned that if he accumulates a third "strike" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.